UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SHAZOR LOGISTICS, LLC,

                  Plaintiff,

v.

AMAZON.COM, LLC and
AMAZON LOGISTICS, INC.,

                  Defendants.

_____/

Case No. 2:22-cv-11458

HONORABLE STEPHEN J. MURPHY, III

## ORDER GRANTING
## MOTION TO COMPEL ARBITRATION [7]

Plaintiff ShaZor Logistics, LLC brought two 42 U.S.C. § 1981 claims and four State-law contract claims against Defendants Amazon.com, LLC and Amazon Logistics, Inc. ECF 1. Defendants moved to compel arbitration under both the Federal Arbitration Act ("FAA") and the Washington Uniform Arbitration Act ("WUAA"), or, in the alternative, to dismiss the case under Fed. R. Civ. P. 12(b)(1) and 12(b)(6). ECF 7. Plaintiff opposed the motion. ECF 9. For the following reasons, the Court will grant the motion to compel arbitration.[1]

## BACKGROUND

Plaintiff is a Delivery Service Party ("DSP") for Defendants. ECF 1, PgID 1. DSPs are independent companies that deliver merchandise for Amazon to customers. *Id.* "The [t]ypical DSP has a fleet of approximately 20—40 Amazon-branded vans." *Id.*

---

[1] Based on the parties' briefing, the Court will resolve the motion without a hearing. *See* Fed. R. Civ. P. 78(b); E.D. Mich. L.R. 7.1(f)(2).

Plaintiff signed a DSP Program Agreement in October 2018. ECF 7, PgID 59. The contract provided for an "[i]nitial [t]erm" of twelve months. ECF 7-3, PgID 103. But it was subject to "automatic renewal for successive [twelve]-month periods" unless either party avoided renewal "at least [thirty] days before the end of the [contract year]." *Id.* The contract's arbitration provision read, "Any dispute arising out of this agreement will be resolved by binding arbitration, rather than in court." *Id.* at 107–08 (emphasis omitted). It also provided that "[t]he arbitration will be conducted by the American Arbitration Association (the "AAA") under its rules, including the AAA's Commercial Arbitration Rules." *Id.* at 108. But "[i]f for any reasons a claim proceeds in court rather than in arbitration, your company and [Defendants] each waive any right to a jury trial." *Id.* Last, the contract stated that "[t]his Agreement . . . is the complete agreement of the parties relating to the Services and supersedes all prior agreements and discussions relating to the same." *Id.*

In February 2022 Defendants notified Plaintiff that they would exercise their right of non-renewal. ECF 7, PgID 61. Thus, the parties' contractual relationship ended on March 31, 2022. *Id.* Plaintiff then sued Defendants. ECF 1. Plaintiff alleged that Defendants violated 42 U.S.C § 1981 by engaging in discriminatory and retaliatory contracting. *See id.* at 12–13. Plaintiff also alleged fraudulent and innocent misrepresentation, fraudulent inducement, and breach of the duty of good faith and fair dealing. *Id.* at 14–20.

## LEGAL STANDARD

The FAA instructs courts to order parties to arbitrate under an arbitration agreement after "being satisfied that the making of the agreement for arbitration or the failure to comply therewith is not in issue." 9 U.S.C. § 4. The Court reviews an arbitration agreement's validity under the applicable State law of contract formation. *Hergenreder v. Bickford Senior Living Grp., LLC*, 656 F.3d 411, 416 (6th Cir. 2011). The party opposing arbitration "must show a genuine issue of material fact as to the validity of the agreement to arbitrate." *Great Earth Cos., Inc. v. Simons*, 288 F.3d 878, 889 (6th Cir. 2002) (citing *Dr.'s Assocs., Inc. v. Distajo*, 107 F.3d 126, 129–30 (2d Cir. 1997), *cert denied*, 522 U.S. 948 (1997)). The required showing "mirrors that required to withstand summary judgment." *Id.* (citation omitted). The Court must resolve "any ambiguities in the contract or doubts to the parties' intentions" in favor of arbitration. *Great Earth Cos., Inc. v. Simons*, 288 F.3d 878, 889 (6th Cir. 2002) (citation omitted). The Court will therefore view all facts and reasonable inferences in the moving party's favor and must determine whether there is a genuine issue as to any material fact.

## DISCUSSION

The Court will first address whether 9 U.S.C. § 1 moves the contract outside the FAA. Then the Court will address Defendants' motion to compel arbitration. Last, the Court will address Plaintiff's state law defense that the contract is unconscionable.

3

I.    Applicability of 9 U.S.C § 1

The FAA codified "a liberal federal policy favoring arbitration agreements" and "establish[ed] . . ., as a matter of federal law, any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration." *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24–25 (1983). But § 1 exempted "contracts of employment of seamen, railroad employees, or any other class of workers engaged in foreign or interstate commerce" from the FAA. The exception "should be narrowly construed." *Asplundh Tree Expert Co. v. Bates*, 71 F.3d 592, 599–601 (6th Cir. 1995).

Section 1's plain language limits its application to "contracts of employment." Plaintiff is not an independent contractor, employee, or worker; it is an LLC. ECF 1, PgID 1. Section 1 is inapplicable to contracts between businesses, because businesses do not sign employment contracts with one another. *See, e.g.*, *Carter O'Neal Logistics, Inc. v. FedEx Ground Pkg. Sys., Inc.*, No. 2:17-cv-02799-JFT-cgc, 2020 WL 13111153, *4 (W.D. Tenn. March 19, 2020) ("Plaintiffs do not point to any case in which the court extends the § 1 transportation worker exception to a corporation, nor can the Court find such a case.") Moreover, the contract here only contemplated a business-to-business relationship. *See* ECF 7-3, PgID 103. The contract "constitute[d] a legally binding agreement between [Defendants] and *your company*." *Id.* (emphasis added.)

What is more, Plaintiff cited only one case for the proposition that an LLC can qualify as a "worker" under § 1. ECF 9-1, PgID 133. But in that case, *Oliveira v. New Prime, Inc.*, the First Circuit declined to "address whether an LLC or other corporate entity can itself qualify as a transportation worker." 857 F.3d 7, 17 (1st Cir. 2017).

The First Circuit did not rule on the issue because the parties "both below and on appeal, treated the contract as one between [an individual] and [a corporation]." *Id.* Neither *Oliveira* nor any other case to this Court's knowledge has determined that a business entity qualifies as a "worker" under § 1. And Plaintiff does not dispute that it is an LLC. ECF 1, PgID 1. Thus, the § 1 exceptions are inapplicable in the present case and do not bar arbitration under the FAA.

II.   <u>Application of the FAA</u>

To resolve a motion to compel arbitration, the Court must determine: (1) whether the parties agreed to arbitrate; (2) the scope of any agreement; (3) whether Congress intended any federal statutory claims asserted to be non-arbitrable; and (4) whether to stay the proceedings if some claims are not arbitrable. *Glazer v. Lehman Bros.*, 394 F.3d 444, 451 (6th Cir. 2005) (citation omitted). The Court will consider each element in sequence.

A.   *Agreement to Arbitrate*

Washington law interprets contracts by "attempt[ing] to determine the parties' intent by focusing on the objective manifestations of the agreement, rather than on the unexpressed subjective intent of the parties." *Hearst Commc'ns, Inc. v. Seattle Times Co.*, 154 Wash. 2d 493, 503 (2005) (citation omitted). Washington courts "generally give words in a contract their ordinary, usual, and popular meaning unless the entirety of the agreement clearly demonstrates a contrary intent." *Id.* at 504 (citation omitted). "In interpreting an arbitration clause, the intentions of the parties *as expressed in the agreement* control[]." *Peters v. Amazon Servs., LLC*, 2 F. Supp. 3d

1165, 1170 (W.D. Wash. 2013) (citing *W.A. Botting Plumbing & Heating Co. v. Constructors-Pamco*, 47 Wash. App. 681, 684 (1987)) (emphasis added).

The plain language of the contract shows that Plaintiff agreed to arbitrate its claims against Defendants. The contract gave Plaintiff notice of the arbitration agreement and provided details about the arbitration process. ECF 7-3, PgID 107–08. The contract stated, "any dispute arising out of this agreement will be resolved by binding arbitration." *Id.* (emphasis omitted). And it is undisputed that the parties signed the contract. *See* ECF 9-1, PgID 125–26, 135; *see also* ECF 7, PgID 58. All told, a plain reading of the contract shows that the parties agreed to arbitrate.

B.    *Arbitration Agreement Scope*

The arbitration agreement's scope is absolute, and "the intentions of the parties as expressed in the agreement control[]." *Peters*, 2 F. Supp. 3d at 1170. Section thirteen of the contract explains that "any dispute . . . will be resolved by binding arbitration rather than in court." *Id.* (emphasis omitted). Thus, Plaintiff's claims—all of which arise out of the contract—are within the scope of the parties' arbitration agreement. *See Domino's Pizza, Inc. v. McDonald*, 546 U.S. 470, 479–80 (2006) ("A plaintiff cannot state a claim under § 1981 unless he has rights under the existing contract that he wishes to make and enforce.") (cleaned up).

C.    *Congressional Intent*

Plaintiff asserted two federal statutory claims arising under 42 U.S.C. § 1981. But Congress did not intend § 1981 claims to be nonarbitrable. *See Rent-A-Ctr., W., Inc. v. Jackson*, 561 U.S. 63 (2010) (sending a § 1981 claim to arbitration).

6

D.   *Stay of the Proceedings*

When a plaintiff's claims are not all arbitrable, the Court must decide whether to stay the nonarbitrable claims pending arbitration. *Glazer*, 394 F.3d at 451 (citation omitted). Because all claims in the present suit are arbitrable, a stay is unneeded under the fourth element.

In sum, the Court will compel arbitration because all four *Glazer* elements are satisfied.

III.   <u>Unconscionability</u>

Plaintiff argued that the contract was unconscionable and thus invalid. ECF 9-1, PgID 137. Courts may invalidate arbitration agreements based on "generally applicable contract defenses, such as fraud, duress, or unconscionability." *AT&T Mobility LLC v. Concepcion*, 563 U.S. 333, 339 (2011) (cleaned up). "Agreements may be unconscionable in two ways: substantively and procedurally[,] [and] [e]ither type of unconscionability alone is sufficient to void a contract." *JZK, Inc. v. Coverdale*, 192 Wash. App. 1022 (2016) (quoting *Gandee v. LDL Freedom Enterprises, Inc.,* 176 Wash. 2d 598, 603 (2013)). But "unless the challenge is to the arbitration clause itself, the issue of the contract's validity is considered by the arbitrator in the first instance." *Buckeye Check Cashing, Inc. v. Cardegna*, 546 U.S. 440, 445–46 (2006).

Because the contract here contained a Washington choice-of-law provision, the Court must apply Washington law to the unconscionability arguments. ECF 7-3, PgID 107; *see generally Hergenreder v. Bickford Senior Living Grp., LLC*, 656 F.3d 411, 416 (6th Cir. 2011) ("Because arbitration agreements are fundamentally

contracts, we review the enforceability of an arbitration agreement according to the applicable [S]tate law of contract formation.") (quotation omitted).

The Court will address the procedural and substantive unconscionability defenses in turn.

### A.   Procedural Unconscionability

"Procedural unconscionability exists if there was no 'meaningful choice' under all the circumstances surrounding the making of the agreement." *Mayne v. Monaco Enters., Inc.*, 191 Wash. App. 113, 119 (2015). Washington's procedural unconscionability test has three factors: "(1) the manner in which the contract was entered[;] (2) whether each party had a reasonable opportunity to understand the terms of the contract[;] and (3) whether the important terms were hidden in a maze of fine print." *Nelson v. McGoldrick*, 127 Wash. 2d 124, 131 (1995) (cleaned up). But "[i]t is important . . . that these three factors not be applied mechanically without regard to whether in truth a meaningful choice existed." *Id.* "An adhesion contract does not itself demonstrate that an agreement was procedurally unconscionable." *Mayne v. Monaco Enterprises, Inc.*, 191 Wash. App. 113, 119 (2015).

Plaintiff lodged three procedural unconscionability arguments. First, it argued "an average person could not have meaningfully understood the scope of the arbitration provision." ECF 9-1, PgID 139. Second, Plaintiff asserted a "lack of meaningful choice" about whether to sign the contract. *Id.* Third, Plaintiff contended it did not have a "meaningful opportunity to inquire about the [contract]." *Id.* at 140.

First, Plaintiff and Defendants signed the contract. ECF 9-3, PgID 152; ECF 7, PgID 58; *see Czerwinski v. Pinnacle Prop. Mgmt. Servs., LLC*, 9 Wash. App. 2d 1047, 2019 WL 2750183, at \*6 (2019) (holding that a ten-page arbitration agreement signed by an "applicant [with] a meaningful choice to decide whether to sign" was enforceable). The contract's arbitration provision was only one paragraph long and written in plain language. ECF 7-3, PgID 108. Notice of the arbitration provision was in all capital letters on the final page. *Id.* And the contract detailed how the arbitration provision would apply and provided the American Arbitration Association's website and phone number. *Id.* In all, an average person could understand the arbitration provision of the contract.

Second, Plaintiff claimed, "In September 2018 . . . I attended orientation in Seattle, Washington and this was the first time Amazon discussed or invited questions regarding [Plaintiff's] rights and obligations under the Agreement." ECF 9-3, PgID 151. But Plaintiff signed the contract in October 2018. ECF 7, PgID 59. It thus had ample time to make a meaningful choice about whether to execute the contract.

Third, Plaintiff had at least several days to review the "rights and obligations under the [contact]" before signing. ECF 7, PgID 59; ECF 9-3, PgID 151. Even if Plaintiff could not ask questions about the contract, that constraint alone would defeat procedural unconscionability. For an adhesion contract to be unconscionable, the choice to sign must be "compelled" by some "threat." *Mayne*, 191 Wash. App. at 123; *see Burnett v. Pagliacci Pizza, Inc.*, 196 Wash. 2d 38, 48, 54–55 (2020).

Plaintiff did not allege that it was compelled or threatened into entering the contract. *See* ECF 9-1.

Because no factor cuts in Plaintiff's favor, the contract was not procedurally unconscionable.

      B.    *Substantive Unconscionability*

To be substantively unconscionable under Washington law, a contract must be "one-sided . . . [s]hocking to the conscience, monstrously harsh, and exceedingly calloused." *Nelson*, 127 Wash. 2d at 131 (cleaned up).

Plaintiff argued that the arbitration provision was substantively unconscionable for two reasons. One, Defendants "possess[ed] the unilateral right to modify" the agreement's terms. ECF 9-1, PgID 141. And two, the arbitration provision required Plaintiff "to send Defendants a letter describing the dispute before filing for arbitration." *Id.*

Plaintiff's first argument conflicts with Washington law. *See Czerwinski*, 9 Wash. App. 2d 1047, 2019 WL 2750183, at *9 (holding that a unilateral provision giving one party "the sole ability to modify or terminate the Arbitration Agreement" was not unconscionable because the non-modifying party received notice of the arbitration agreement and a chance to opt out); *see also Ekin v. Amazon Servs., LLC*, No. C14-0244, 2015 WL 11233144, *3 (W.D. Wash. Feb. 10, 2015) ("Washington courts . . . have [never] held an arbitration agreement unenforceable solely because it is a contract that allows changes."). Under the contract, modifications would occur "by posting a revised version in the Portal or by otherwise providing notice to

[Plaintiff's] company." ECF 7-3, PgID 108. The modifications were binding only "if [Plaintiff's] company continues to perform the services after the effective date of any modification to this agreement." *Id.* (emphasis omitted). Thus, Defendants' unilateral right to modify the contract terms does not mean that the arbitration provision of the contract was substantively unconscionable under Washington law.

Plaintiff's second argument fails because the parties agreed that "[t]he arbitration will be conducted by the American Arbitration Association (the 'AAA') under its rules, including the AAA's Commercial Arbitration Rules." *Id.* And under Rule R-4(g) of the Commercial Arbitration Rules, "[t]he filing party shall simultaneously provide a copy of the Demand and any supporting documents to the opposing party." *Commercial Arbitration Rules,* American Arbitration Association, https://bit.ly/2BZ1Muu [https://perma.cc/RG8A-M9FE]. Thus, because both parties must provide information about their claim to the other side, the arbitration provision of parties' contract is not "one-sided," "monstrously harsh," or "exceedingly calloused." *Nelson*, 127 Wash. 2d at 131 (cleaned up).

In sum, Plaintiff failed to show either procedural or substantive unconscionability. The arbitration agreement is valid and enforceable. The Court will therefore grant Defendants' motion to compel arbitration and order the parties to arbitrate. The Court will also stay the case pending arbitration and will order the Clerk of the Court to administratively close the case.

**ORDER**

**WHEREFORE**, it is hereby **ORDERED** that Defendants' motion to compel arbitration [7] is **GRANTED**.

**IT IS FURTHER ORDERED** that the Parties are **COMPELLED** to arbitrate in accordance with the arbitration agreement.

**IT IS FURTHER ORDERED** that the case is **STAYED** pending arbitration.

**IT IS FURTHER ORDERED** that the Clerk of the Court must **ADMINISTRATIVELY CLOSE** the case.

**SO ORDERED.**

s/ Stephen J. Murphy, III
STEPHEN J. MURPHY, III
United States District Judge

Dated: September 15, 2022

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on September 15, 2022, by electronic and/or ordinary mail.

s/ David P. Parker
Case Manager